IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIGHTBEAM HEALTH SOLUTIONS INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:17-cv-0395-M |
| TIDEWATER PHYSICIANS MULTISPECIALITY GROUP PC, | § § § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Transfer Venue (ECF No. 7). For the reasons stated below, the Motion is **DENIED**.

**I.  Factual & Procedural Background**

Plaintiff Lightbeam Health Solutions Inc. is a Delaware corporation with its principal place of business in Irving, Texas. Defendant Tidewater Physicians Multi-Specialty Group, P.C. is a Virginia corporation with its principal place of business in Newport News, Virginia. Lightbeam provides health management information technology ("IT") solutions to its clients, including customized IT to aggregate patient data. Tidewater is a healthcare provider that employs physicians and clinicians in various fields.

On December 24, 2014, the parties entered into a contract for Lightbeam to develop and host a healthcare data management system for Tidewater (the "Contract"). Lightbeam claims Tidewater breached the Contract by failing to provide Lightbeam with data required for Lightbeam to perform its tasks under the Contract, and then refusing to pay for Lightbeam's services. The Contract contains both a valid forum selection clause and a choice of law

1

provision. The parties agree the Court is to construe the Contract according to Delaware law as specified by the choice of law provision, but disagree about whether the forum selection clause is mandatory or permissive. On February 16, 2017, Tidewater filed a Motion to Transfer the case to the Eastern District of Virginia, Newport News Division (ECF No. 7). On March 1, 2017, Tidewater filed its Answer and counterclaimed for fraudulent inducement (ECF No. 13). Lightbeam argues that in the Contract, Tidewater agreed Lightbeam could sue it in this district. In the alternative, Lightbeam argues the Eastern District of Virginia is not clearly a more convenient forum than is the Northern District of Texas.

**II.    Analysis**

A.    Forum Selection Clause

Lightbeam filed suit in Texas state court, from which this case was removed. It asserts the Contract's forum selection clause prevents transfer. The forum selection clause provides:

> The Parties irrevocably submit to the exclusive jurisdiction of the federal courts of competent jurisdiction in the State of Delaware, provided however, Lightbeam may pursue claims against Customer in any other jurisdiction worldwide to enforce its rights under this Agreement or to enforce its intellectual property rights.[1]

Delaware law recognizes two types of forum selection clauses—mandatory and permissive. This distinction under Delaware law turns on whether the parties intended the contractual language to bind them to a particular jurisdiction, excluding all others. *See Prestancia Management Group, Inc. v. Virginia Heritage Foundation, II LLC*, 2005 WL 1364616, at *7 (Del. Ch. May 27, 2005). Contracting parties "must use express language clearly indicating the forum selection clause excludes all other courts before which those parties could otherwise properly bring an action…absent clear language, a court will not interpret a forum selection clause to indicate the

---

[1] (ECF No. 11-1 at App. 016, ¶ 13.4).

2

parties intended to make jurisdiction exclusive." *Id.* (citing *Eisenbud v. Omnitech Corp. Sols., Inc.*, 1996 WL 162245, at *1 (Del. Ch. Mar. 21, 1996)).

The first part of the forum selection provision, "the Parties irrevocably submit to the exclusive jurisdiction of the federal courts of competent jurisdiction in the State of Delaware," is mandatory and contains clear language excluding all other courts but those in Delaware. However, the second part of the provision, following the words "provided however," is permissive, allowing Lightbeam to bring suit in any jurisdiction worldwide. Lightbeam brought suit in the Northern District of Texas, under the second part of the provision. However, there is nothing in the forum selection clause that prevents transfer to another forum. Because the forum selection clause is permissive, the Court must conduct a further analysis.

B.  Motion to Transfer Venue

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district or division where it might have been brought.[2] District courts are to adjudicate motions for transfer on an individualized, case-by-case basis. *Paragon Indus., L.P. v. Denver Glass Mach., Inc.*, 07-CV-2183-M, 2008 WL 3890495, at *1 (N.D. Tex. Aug. 22, 2008) (Lynn, J.). In the Fifth Circuit, a district court is to grant transfer if the party seeking a change of venue has demonstrated that the transferee venue "is clearly more convenient" than the plaintiff's chosen venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (*Volkswagen II*) (5th Cir. 2008) (en banc). The Court normally considers a number of private and public interest factors when analyzing a motion to transfer venue. *In re Volkswagen AG,* 371 F.3d 201, 203 (*Volkswagen I*) (5th Cir. 2004). However, when the parties agree to a forum selection provision, as they have here, "a court must deem the private-interest factors to weigh entirely in favor of the preselected

---

[2] 28 U.S.C. § 1404(a).

forum…[and] may consider arguments about public-interest factors only." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S.Ct. 568, 582 (2013).

The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems regarding conflicts of law or the application of foreign law. *Volkswagen I*, 371 F.3d 201, 203. The parties do not dispute that the lawsuit could have been filed in the Eastern District of Virginia. Thus, the Court must determine whether, in the interests of justice, the public interest factors can overcome the fact that the private interest factors weigh entirely against transfer.

*Public Interest Factors*

i. Administrative Difficulties Flowing From Court Congestion

The first public interest factor evaluates the comparative administrative difficulties due to court congestion in the potential venues. The parties do not cite any statistics regarding court congestion. The Court notes that the most recent statistics show the Northern District of Texas has nearly a thousand more civil cases on its docket, and the average time to trial in the Eastern District of Virginia is approximately thirteen months faster.[3] However, as Lightbeam notes, this Court offers parties the option of proceeding to trial within six months. The Northern District of Texas has some of its active judgeships vacant, and two are in the Dallas Division, but the process of selection judges for these vacancies is now underway. Although the Eastern District of Virginia has no current vacancies for its eleven active judgeships, one will come open on

---

[3] U.S. District Courts—Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending March 31, 2016: http://www.uscourts.gov/sites/default/files/data_tables/fjcs_c5_0331.2016.pdf

September 30, 2017. The vacancies in the Northern District of Texas have the potential to interfere with the expeditious and inexpensive disposition of the case, due to delay associated with judicial caseloads, but the Court believes those vacancies will be filled shortly. Therefore, the Court finds the first public interest factor is neutral.

      ii.      <u>Local Interest in Having Localized Interests Decided at Home</u>

The analysis of the public interest factors is primarily directed to the second factor: the local interest in having localized interests decided at home. *Volkswagen II*, 545 F.3d at 315. This factor "generally favors the venue where the acts giving rise to the lawsuit occurred." *Metromedia Steakhouses Co. v. BMJ Foods P.R., Inc.*, 3:07-CV-2042-D, 2008 WL 794533, at *3 (N.D. Tex. Mar. 26, 2008). The local interest in deciding local issues at home favors transfer to a venue that will vindicate such an interest. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981).

Lightbeam employees traveled to Virginia to make their sales presentation and the Contract was negotiated in Virginia. Tidewater alleges the Contract was breached in Virginia, while Lightbeam claims it was breached in Texas. Lightbeam's alleged fraudulent inducement occurred in Virginia. Tidewater has a significant presence in Virginia, where it is incorporated, has its principal place of business, physician offices, and employees.[4]

Lightbeam argues Texas has a greater interest than Virginia in the outcome of this suit because its principal place of business is in Texas, the Contract services were to be developed by it and hosted in Texas, the servers on which Tidewater's data was housed by Lightbeam are located in Texas, and because Tidewater was to pay Lightbeam in Texas. The Court finds that

---

[4] Affidavit of Brett Brickey (ECF No. 7 at 18-19).

5

the parties each make persuasive arguments with respect to which forum has a greater local interest in the outcome of the litigation. Therefore, the second public interest factor is neutral.

### iii. Familiarity of the Forum with the Law that Will Govern the Case

The parties agree that Delaware law governs the interpretation of their agreement.[5] Both the Northern District of Texas and the Eastern District of Virginia are equally equipped to apply Delaware law. As for the counterclaim, Tidewater argues that Virginia law applies. The Eastern District of Virginia is obviously more familiar with that law, but the subject of fraud is not a complex or difficult matter for this Court to interpret, and Tidewater points out no unique aspects of Virginia law on this subject. Thus, this factor weighs slightly in favor of transfer.

### iv. Avoiding Conflict of Laws

The fourth public interest factor considers the avoidance of unnecessary problems of conflicts of law or the application of foreign law. This case does not present any such provision, so this factor is neutral.

## III. Conclusion

Because there is a valid forum selection clause, the private interest factors weigh entirely against transfer, and the Court evaluates only the public interest factors. Three of the public interest factors are neutral and one slightly favors transfer. The public interest factors do not clearly favor transfer, so Defendant's Motion to Transfer Venue is **DENIED**.

**SO ORDERED**.

August 7, 2017.

_____
**BARBARA M. G. LYNN**
**CHIEF JUDGE**

---

[5] The Contract's choice of law provisions states, "[t]his Agreement is governed by and construed under the Laws of the State of Delaware without regard to any conflict of laws rules or principles." (ECF No. 11-1 at App. 016, ¶ 13.4).